**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 9 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JEFFREY W. GAZAWAY,

       Plaintiff-Appellant,

v.

MAKITA U.S.A., INC.,

       Defendant-Appellee.

No. 98-3201
(D.C. No. 97-CV-2287-JWL)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff commenced this action alleging that defendant violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Kansas Acts Against Discrimination (KAAD), Kan. Stat. Ann. §§ 44-1001 through 44-1044, when it terminated his employment. Plaintiff also alleged that defendant engaged in outrageous behavior. The district court granted defendant's motion for summary judgment, holding that (1) plaintiff was not disabled because his ability to perform a major life activity--working--was not substantially limited; (2) he failed to produce evidence showing that defendant regarded him as disabled; (3) even if he had set forth a prima facie case of disability, he failed to raise any inference that the elimination of his position due to a reduction in force was a pretext for intentional discrimination; (4) because he does not have a disability, defendant did not fail to accommodate a disability; (5) he failed to exhaust his administrative remedies with respect to the KAAD claim; and (6) he failed to present facts necessary to meet the high threshold to recover for outrage. See Gazaway v. Makita U.S.A., Inc. , 11 F. Supp. 2d 1281, 1284-91 (D. Kan. 1998).

Proceeding pro se, [1] plaintiff appeals. He argues that the district court erred in granting summary judgment for the following reasons: (1) his mental condition would not allow him to function at work as he had previously and therefore a

_____

[1]    Although plaintiff was pro se when he commenced this action in district court, soon thereafter he was represented by counsel.

major life function was affected; (2) the district court incorrectly determined that sales representatives and retail service representatives do different jobs; (3) he requested an accommodation, but defendant denied his request; (4) the district court incorrectly determined that defendant did not engage in outrageous conduct; (5) the district court probably did not see the document that shows that the decision to terminate him was based upon his lack of seniority and the fact that his sales were down; and (6) this case should be decided by a jury.

> We review the grant . . . of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. If there is no genuine issue of material fact in dispute, then we next determine if the substantive law was correctly applied by the district court.

Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996) (quotation omitted).

After carefully reviewing the briefs, record on appeal, and relevant case law, we conclude that the district court thoroughly considered and correctly granted defendant's motion for summary judgment. Accordingly, we affirm on the merits for substantially the reasons stated by the district court in its memorandum and order filed June 5, 1998.

Additionally, plaintiff argues that the district court erroneously awarded defendant costs because imposition of costs would cause a significant hardship to him and because he brought this action in good faith. The district court has not yet ruled on defendant's bill of costs and costs have not been imposed. Thus, this argument is premature and must be dismissed.

The judgment of the United States District Court for the District of Kansas is AFFIRMED. Plaintiff's argument concerning imposition of costs is DISMISSED as premature. The mandate shall issue forthwith.

Entered for the Court

David M. Ebel
Circuit Judge